## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ERNESTO UTRERA TELLO,

     Plaintiff,

     v.                               No. CIV 15-00724-WJ-LF

JOHN SANCHEZ, JOHN GILLESPIE,
FNU GARCIA, FNU RUIZ, FNU CONRAD,
SHANTELLE GALLEGOS,
MELLISSA RODRIGUEZ, FNU TRUJILLO,

     Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Motion for Writ of Habeas Corpus/And Supplemental Jurisdiction of Tort Claim.   [Doc. 1]   Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.   For the reasons set out below, the Court will construe Plaintiff's motion as a civil rights complaint pursuant to 42 U.S.C. § 1983, dismiss Plaintiff's § 1983 claims without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii), and grant Plaintiff twenty-one days in which to file an amended complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Motion for Writ of Habeas Corpus/And Supplemental Jurisdiction of Tort Claim [Doc. 1] alleges that Plaintiff, a Mexican national, suffered discrimination in violation of various constitutional rights based on four incidences that occurred during his incarceration at Springer Correctional Facility ("Springer").   First, Plaintiff alleges that he was transferred to a higher custody facility after defending himself in a physical altercation with another inmate who "assaulted him for being [a] 'Mexican Citizen'".   [Doc. 1 at 8]   Second, Plaintiff alleges that Defendant Conrad, a correctional officer at Springer, was driving an ATV on August 22, 2014 and repeatedly bumped into Plaintiff and screamed at him while he was working in the yard.   [Doc. 1 at 9]   Third, Plaintiff alleges that Defendants Garcia and Ruiz, correctional officers at Springer, "setup" Plaintiff by "plac[ing] contraband 'pizza;' inside boxes that 'dream catchers' were sent in."   [Doc. 1 at 9-10]   Lastly, Plaintiff alleges that on August 5, 2015, Defendants Rodriguez and Gallegos, nurses employed by Corizon Medical Services, falsely accused him of threatening Defendant Trujillo, a doctor employed by Corizon Medical Services, resulting in the loss of 365 days of good time credits.   [Doc. 1 at 9-12]   Plaintiff further alleges that during the August 5, 2015 incident, he was refused medical treatment for his injured shoulder, in violation of the Eighth Amendment prohibition against cruel and unusual punishment.   [Doc. 1 at 4, 9-12]   As a result of these four incidences, Plaintiff alleges that he has suffered "severe emotional harm" and has had "to stay in prison longer than his sentence."   [Doc. 1 at 12]   In his prayer for relief, Plaintiff seeks

2

summary judgment and an award of compensatory and punitive damages.   [Doc. 1 at 13]

On October 15, 2015, Plaintiff filed a Notice of Claim, pursuant to the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-16 and 42 U.S.C. § 1983.[1]   [Doc. 12]   Plaintiff's Notice of Claim is predicated on the fourth incident cited in his Motion,[2] alleging that Plaintiff received inadequate medical care and an Inmate Misconduct Report that resulted in the loss of 365 days of good time credits, in violation of his rights to due process and equal protection under the United States Constitution and the New Mexico Constitution.   [Doc. 12]   On October 23, 2015, Plaintiff filed an Affidavit, in which he explained the circumstances surrounding this fourth incident, the alleged unlawful actions of Defendants Gallegos and Rodriguez, and attached various documentary exhibits from the resultant disciplinary proceedings.   [Doc. 10; *see* footnote 2]   On February 26, 2016, Plaintiff submitted complaints he had filed with the New Mexico Medical Board against Dr. Trujillo, Defendant Gallegos and Defendant Rodriguez, as exhibits in support of his Motion.   [Doc. 17]   The Court liberally will construe the Notice of Claim [Doc. 12] and Affidavit [Doc. 10] as an amendment to Plaintiff's Motion [Doc. 1] pursuant to Fed. R. Civ. P. 15(a).   *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course . . .). Because the Notice of Claim and Affidavit appear to supplement, rather than supplant, the claims raised in Plaintiff's Motion, the Court will construe the three documents collectively as the operative pleading.

As a preliminary matter, the Court must determine whether to construe Plaintiff's amended pleading as a civil rights complaint under 42 U.S.C. § 1983, a petition for a writ of habeas corpus

---

[1] Plaintiff filed a second Notice of Claim on November 4, 2015 [Doc. 11], which is identical to the October 15, 2015 Notice of Claim.   [*Compare* Docs. 11 and 12]

[2] In his Notice of Claim [Doc. 12] and Affidavit [Doc. 10], Plaintiff alleges that the fourth incident occurred on July 27, 2015, but the disciplinary proceedings pursuant to which he lost his good time credits occurred on August 5, 2015.

under 28 U.S.C. § 2241, or both.   Plaintiff's pleading is captioned a "Motion for Writ of Habeas Corpus/And Supplemental Jurisdiction of Tort Claim," [Doc. 1] but the federal courts may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category" so as "to avoid an unnecessary dismissal . . . to avoid inappropriately stringent application of formal labeling requirements . . . or to create better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381 (2003) (citations omitted).   In doing so, the Courts are guided by the nature of the relief sought by the pro se litigant.   *See Farrell v. Ramsey*, 28 F. App'x 751, 753-54 (10th Cir. 2001) (construing a civil rights complaint as a habeas petition, because "it was clear from his complaint and supplemental complaint that he did not seek money damages but rather only relief from the execution of his sentence") (unpublished).   In the present case, Plaintiff does not seek reinstatement of his good time credits, but rather, only seeks compensatory and punitive damages.   [Doc. 1 at 12-13]   Therefore, the Court will construe his amended motion as a civil rights complaint under 42 U.S.C. § 1983.   *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1983) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus."); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (distinguishing between civil rights actions under 42 U.S.C. § 1983 and petitions for writs of habeas corpus under 28 U.S.C. § 2241).

    Plaintiff has named John Sanchez, the warden at Springer, as a defendant in this case.   It is well established that "§ 1983 does not allow a plaintiff to hold an individual government official liable under a theory of respondeat superior," *Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir. 2010) (internal quotation marks omitted), and "individual liability under § 1983 must be based

4

on personal involvement in the alleged constitutional violation." *Id.* at 1195 (internal quotation marks omitted). However, "[p]personal involvement does not require direct participation," because a plaintiff may "succeed in a § 1983 suit against a defendant-supervisor by demonstrating that (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation." *Id.* at 1199. With respect to the state-of-mind requirement, "the plaintiff must plead and prove that the defendant acted with a discriminatory purpose." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Specifically, to state a claim for relief, Plaintiff "must plead sufficient factual matter to show that [the defendant] adopted and implemented the detention policies at issue not for a neutral, investigative reason but for the purpose of discriminating an account of race, . . . or national origin." *Id.* at 677.

Plaintiff alleges that Defendant Sanchez implemented a policy that "all inmates involved in fighting will be transferred to a higher custody facility," [Doc. 1 at 8-9] and that this policy was discriminatory because Plaintiff was transferred to a higher-custody facility simply for defending himself against another inmate who was prejudiced against him for being a Mexican citizen. Notably, Plaintiff has failed to allege facts demonstrating that the challenged policy, which is neutral on its face, was motivated by a discriminatory purpose. Therefore, Plaintiff's § 1983 claims against Defendant Sanchez will be dismissed without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).

Although Plaintiff identifies Defendant Gillespie, an administrative law judge, and Defendant Trujillo, a doctor at Springer, as defendants, he fails to allege any facts indicating that they personally were involved in the alleged constitutional violations. In § 1983 cases against

5

multiple governmental defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).  "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.  Likewise, insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).  Because Plaintiff has failed to identify exactly what actions or inactions Defendants Gillespie and Trujillo undertook to violate his constitutional rights, Plaintiff's § 1983 claims against Defendants Gillespie and Trujillo will be dismissed without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).

Plaintiff contends that Defendant Conrad was driving "a 'Polaris' ATV working on the yard used his vehicle bumping against Plaintiff forcing him to move in front of the ATV to his assigned unit screaming at him all the way."  [Doc. 1 at 9]  Construing Plaintiff's civil rights complaint liberally, Plaintiff appears to allege that Defendant Conrad used excessive force against him in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment.

> Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind. . . . The objective component of an excessive force claim is contextual and responsive to contemporary standards of decency. . . . The subjective element of an excessive force claim turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

6

*Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2013) (internal quotation marks and citations omitted).  With respect to the objective component, it is clear that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks and citation omitted).  This is because "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *Id.* (internal quotation marks and citations omitted).

Plaintiff has failed to allege sufficient facts to fulfill the objective component of the excessive force standard, because the facts alleged fail to support a plausible inference that Defendant Conrad's use of force (i.e., bumping Plaintiff to force him to move to his assigned unit) was anything more than *de minimus*.  *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (noting that the "[t]he extent of injury may . . . provide some indication of the amount of force applied" and "[a]n inmate who complains of a push or a shove that causes no discernible injury almost certainly fails to state an excessive force claim"); *Marshall v. Milyard*, 415 F. App'x 850, 853 (10th Cir. 2011) (holding that the defendant's use of force in grabbing the plaintiff's arm and digging in his fingernails with enough force to injure the plaintiff, was "both de minimus and not of a nature repugnant to mankind") (unpublished).   Furthermore, Plaintiff has failed to allege sufficient facts to support a plausible inference that Defendant Conrad applied force to Plaintiff "maliciously and sadistically for the very purpose of causing harm," rather than "in a good-faith effort to maintain or restore discipline."  *Smith*, 339 F.3d at 1212.  Although Plaintiff has alleged generally in his amended civil rights complaint that the staff at Springer "purposely went after Plaintiff to harm

7

him with 'deliberate intent'" and discriminated against him based on his "ethnic identity" and national origin [Doc. 1 at 3], such general allegations are insufficient to establish that Defendant Conrad acted with the requisite state of mind to establish a violation of Plaintiff's Eighth Amendment rights. *See Pahls*, 718 F. 3d at 1225-26 (noting that to establish liability under § 1983, "a plaintiff must show that each defendant acted with the requisite state of mind," and general allegations will not suffice, "especially in lawsuits involving multiple defendants"). Therefore, Plaintiff's § 1983 claims against Defendant Conrad will be dismissed without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).

Plaintiff's amended complaint alleges that Defendants Garcia and Ruiz "placed contraband 'pizza' inside boxes that 'dream catchers' were sent in." [Doc. 1 at 9]   Plaintiff further alleges that he "filed grievances showing he was setup by Prison Staff," these grievances were investigated, and the "charges" were "dropped."   [Doc. 1 at 9-10]   The factual circumstances surrounding the alleged "setup" are unclear, as are the constitutional rights that Plaintiff contends were violated. To the extent that Plaintiff alleges that Defendants Garcia and Ruiz violated his right to be free from cruel and unusual punishment, Plaintiff's amended complaint fails to state a claim upon which relief may be granted because Plaintiff has not alleged that he suffered any punishment as a result of being "setup*." See Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981) (noting that "the Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain . . . or are grossly disproportionate to the severity of the crime, . . . [or are] totally without penological justification." (internal quotation marks and citations omitted)); *see also Northington*, 973 F.2d at 1524 (noting that "[d]e minimus applications of force are necessarily excluded from the cruel and unusual punishment inquiry. . . . So are verbal threats and harassment." (citations omitted).   Similarly, to the extent that Plaintiff alleges a violation of

8

his right to due process of law, Plaintiff's § 1983 claim fails to state a claim upon which relief may be granted because he has not alleged the deprivation of a protected liberty or property interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) ("A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered.").   Lastly, to the extent that Plaintiff alleges that Defendants Garcia and Ruiz violated his right to equal protection of the laws, Plaintiff's "conclusory allegations are not enough to state a claim," rather Plaintiff must allege sufficient facts to support a plausible inference "that he was treated differently from similarly situated individuals." *Thomas v. New Mexico Corr. Dep't*, 272 F. App'x 727, 729 (10th Cir. 2008) (unpublished).   Therefore, Plaintiff's § 1983 claims against Defendants Garcia and Ruiz will be dismissed without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).

Plaintiff next alleges that Defendants Gallegos and Rodriguez discriminated against him on the basis of his racial identity and country of national origin, because their lack of proficiency in the Spanish language caused them to misinterpret his complaint about the injury in his arm and shoulder as a threat against Dr. Trujillo.   [Docs. 1 at 10]   The Spanish language is not a proxy for the suspect classifications of race or national origin, *see Hernandez v. New York*, 500 U.S. 352, 371 (1991) (holding that a prosecutor's peremptory challenge of Spanish-speaking jurors did not violate the equal protection clause); *Pemberthy v. Beyer*, 19 F.3d 857, 870 (3d Cir. 1994) (holding that "the ability to speak or understand a foreign language do not meet the requirements for either 'strict' or 'heightened' scrutiny" under the equal protection clause because "language-based classifications are [not] always a proxy for race or ethnicity") and, therefore, to state a claim under the equal protection clause, Plaintiff must allege that he was treated differently from other inmates who were similarly situated and that this difference in treatment "was not reasonably related to a

legitimate penological purpose." *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). Plaintiff's amended complaint fails to allege any facts indicating that Plaintiff was treated differently from similarly situated inmates who communicated with Defendants Gallegos and Rodriguez in a language other than Spanish and that this difference in treatment was not reasonably related to a legitimate penological purpose.   Therefore, Defendant's equal protection claim against Defendants Gallegos and Rodriguez will be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii).

Defendant also contends that Defendants Gallegos and Rodriguez violated his right to be free from cruel and unusual punishment, because they "refus[ed him] medical treatment for his shoulder injury."   [Doc. 1 at 4]   "A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment."   *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).   "The test for constitutional liability of prison officials involves both an objective and subjective component."   *Id.* (internal quotation marks and citation omitted).   "The objective component is met if the deprivation is 'sufficiently serious,'" that is, if the "medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."   *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."   *Id.* (internal quotation marks and citations omitted).   However, a "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm."   *Id.* at 1210.

According to the amended civil rights complaint, Plaintiff complained of "having pain in [his] shoulder on down through [his] wrist and hand" and he was examined by both Defendants

10

Gallegos and Rodriguez.   [Doc. 10 at 1]   Plaintiff believed that he had a fracture and requested to see the doctor, receive x-rays, and receive pain medication.   [Doc. 1 at 1, 10]   Defendant Gallegos "informed Plaintiff that he would have to see the doctor by appointment," but Plaintiff did not want to wait.   [Doc. 1 at 10]   Defendant Rodriguez informed Plaintiff that "he had a dislocation," and that "he would have to wait."   [Doc. 1 at 11]   These facts are insufficient to establish that Defendants Gallegos and Rodriguez exhibited deliberate indifference to Plaintiff's serious medical needs.   First, the nature and severity of Plaintiff's arm and shoulder injury is unclear and, absent additional facts, it cannot be said that Plaintiff's injury was sufficiently serious that "even a lay person would easily recognize the necessity for a doctor's attention."   *Sealock v. Colorado*, 218 F.3d at 1209; *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (holding that a medical provider's "failure to treat self-diagnosed ailments . . . is insufficient to establish an Eighth Amendment violation").   Second, Plaintiff has failed to allege that the delay in medical treatment caused him to suffer substantial harm.   *See Mata*, 427 F.3d at 753 (noting that the "substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain").   Lastly, Plaintiff has failed to allege facts demonstrating that Defendants Gallegos and Rodriguez knew of and disregarded an excessive risk to Plaintiff's health or safety, i.e., that they were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and [they] . . . also [drew] the inference."   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   As such, Plaintiff's Eighth Amendment claim against Defendants Gallegos and Rodriguez will be dismissed without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).

Lastly, Plaintiff's amended complaint appears to allege that Defendants Gallegos and Rodriguez violated his right to due process of law, because they falsely accused him of threatening

11

Dr. Trujillo, which resulted in a disciplinary proceeding and the loss of Plaintiff's good time credits.  An allegation that a prison official falsely implicated "an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided."  *Northington v. McGoff*, 968 F.2d 20, 1992 WL 149918, at *4 (10th Cir. 1992) (unpublished table decision) (quoting *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1994); *see also Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally protected guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law."), *cert. denied* 485 U.S. 982 (1988).  In *Wolff*, the United States Supreme Court held that where a disciplinary hearing may result in the loss of good time credits, an inmate must receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relief on and the reasons for the disciplinary action."  *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).  Furthermore, "revocation of good time does not comport with the minimum requirements of procedural due process . . . unless the findings of the prison disciplinary board are supported by some evidence in the record."  *Id.* (internal quotation marks and citations omitted).

The Courts of the Tenth Circuit have not addressed the issue of whether procedural due process requires interpretive assistance to foreign-language-speaking inmates during disciplinary proceedings.  The Eighth Circuit Court of Appeals has held, however, that "due process rights are not violated by the failure of the state to appoint an interpreter if the defendant does not request

an interpreter and the state is not otherwise put on notice of a significant language barrier." *Gonzales-Perez v. Harper*, 241 F.3d 633, 637 (8th Cir. 2001).   Plaintiff has failed to allege that he requested and was denied an interpreter during his disciplinary proceedings or that the disciplinary officials otherwise were put on notice of a significant language barrier.   *See United States v. Perez-Perez*, 44 F. App'x 921, 923-24 (10th Cir. 2002) (holding that the district court did not plainly err in failing to provide the defendant with written translations of documents during his criminal trial because the defendant not request written translations and was provided "with precisely the interpretation assistance he requested") (unpublished).   Therefore, Plaintiff's procedural due process claim will be dismissed without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).

For the foregoing reasons, Plaintiff's § 1983 claims will be dismissed without prejudice. The Court will grant Plaintiff leave to file an amended complaint within twenty-one days of the date of this Order.   Plaintiff's amended complaint must contain sufficient factual detail to support plausible claims for relief and "and make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins*, 519 F.3d at 1250 (emphasis in original).   Failure to comply with this Order may result in the dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's § 1983 claims will be DISMISSED without prejudice for failure to state claim under § 1915(e)(2)(B)(ii) and Plaintiff is granted leave to file an amended complaint, within twenty-one (21) days from the entry of this Order, identifying plausible claims for relief;

IT IS FURTHER ORDERED that the Clerk is directed to mail Plaintiff, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint with instructions.

_____

UNITED STATES DISTRICT JUDGE